UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:13-cv-21955-JLK

MIKE PETINSKY, individually,
    Plaintiff,

vs.

GATOR 13800 NW 7TH AVE. LLC, a Florida corporation,

    Defendant.
_____/

**DEFENDANT'S MOTION FOR SANCTIONS
PURSUANT TO 28 U.S.C. § 1927**

Defendant, Gator 13800 NW 7th Ave. LLC, ("Defendant"), by and through undersigned counsel, respectfully submits this Motion for Sanctions against Plaintiff's counsel, Jeanette E. Albo, Esq. and Thomas B. Bacon, Esq. (collectively, "Counsel"), and Counsel's law firm, Thomas B. Bacon, P.A. ("Law Firm"), pursuant to 28 U.S.C. § 1927 and this Court's inherent authority to impose sanctions, and states:

**I.    MOTION**

1.    On June 3, 2013, Plaintiff, Mike Petinsky ("Plaintiff") caused the instant action for injunctive relief under the American's With Disabilities Act ("ADA") to be filed against Defendant.

2.    On December 11, 2013, Plaintiff filed his Motion for Summary Judgment [DE 14] against Defendant based, in pertinent part, on the expert report ("Expert Report") prepared by Plaintiff's expert, Louis Androuin.

3.    In response, on January 22, 2014, Defendant filed its Response in Opposition to Plaintiff's Motion for Summary Judgment and Cross-Motion for Summary

1

Judgment [DE 20] and Response to Statement of Undisputed Facts and Statement of Undisputed Facts in Support of Cross-Motion for Summary Judgment [DE 19].

    4.    Therein, Defendant unequivocally stated its commitment to making each and all of the recommended modifications as set forth in the Expert Report.  In fact, Defendant confirmed that all of the modifications suggested in the Expert Report had been started, and nearly all were complete as of January 22, 2014.  As such, Defendant confirmed that Plaintiff's action was moot.

    5.    Rather than laud the efforts of Defendant made in accordance with its own Expert Report, Plaintiff, by and through Counsel, unreasonably and vexatiously increased its litigation efforts, in earnest.

    6.    For example, on February 10, 2014, Plaintiff, by and through Counsel, filed the following:

    a.    Plaintiff's Reply in Opposition to Motion for Summary Judgment and Opposition to Cross-Motion to Defendant's Motion for Summary Judgment [DE 24];

    b.    Response to Defendant's Statement of Undisputed Material Facts in Support of Motion for Summary Judgment [DE 25];

    c.    Plaintiff's Motion to Strike Affidavits of David Miller [DE 26];

    d.    Plaintiff's Motion for Judicial Notice [DE 27];

    e.    Plaintiff's Second Request for Production;

    f.    Plaintiff's Notice of Deposition (Defendant's Corporate Representative);

    g.    Plaintiff's Notice of Deposition (David Miller);

    h.    Plaintiff's Notice of Deposition (James Goldsmith); and

    i.    Plaintiff's Notice of Deposition (William Goldsmith).

7.      Moreover, after having filed its own Motion for Summary Judgment [DE 14] wherein Plaintiff, by and through Counsel, claimed that there were no issues of disputed fact, Plaintiff propounded additional discovery requests and sought to take no less than four (4) depositions in this action.

8.      This unreasonable and vexatious conduct multiplied these proceedings in that they caused Defendant to have to move to stay discovery [DE 28] to avoid the unnecessary expense at a stage of litigation wherein both parties had already moved for summary judgment and draft and file numerous response memoranda to, in pertinent part, Plaintiff's Motion to Strike, Motion for Judicial Notice, and the additional motions Counsel continues to file in this action.

9.      Thereafter, and in an effort to resolve Plaintiff's Motion to Strike and opposition to Defendant's Cross-Motion, Defendant retained an expert, David Goldfarb, who has been qualified as an expert by this Court and others in Florida on countless occasions.

10.     On February 19, 2014, Defendant filed Mr. Goldfarb's Notice of Compliance [DE 31-1] in this action.  Therein, Mr. Goldfarb confirmed that all of the modifications identified in the Expert Report had been completed in compliance with the ADA.  Specifically, Mr. Goldfarb testified that "the facility is now compliant to the ADAAG (Federal ADA Standards) and FACBC (Florida Accessibility Code) as to the barriers alleged in the plaintiff's expert's report dated October 30, 2013."  [DE 31-1, p. 19.]

11.     Even after receipt of Goldfarb's Affidavit of Compliance, Plaintiff, by and through Counsel, continued in its unreasonable and relentless efforts to obtain an

injunction requiring Defendant to undertake modifications that have already been completed in compliance with the ADA.

12.     Specifically, on March 3, 2014, Plaintiff, by and through Counsel, filed its Motion to Strike David Goldfarb's Affidavit of Compliance [DE 37], Reply to Motion for Judicial Notice [DE 38], Reply to Motion to Strike Affidavits of David Miller [DE 39], and five (5) notices of taking depositions in this action.

13.     One of the depositions sought to be taken in this action was that of Mr. Goldfarb.

14.     In yet another attempt to satisfy Plaintiff and Counsel that this action had been mooted and bring this mater to a close once and for all, Defendant agreed to the deposition of Mr. Goldfarb as noticed for April 1, 2014 despite having previously sought a stay of discovery, in good faith.

15.     On April 1, 2014, Counsel took Mr. Goldfarb's deposition *duces tecum*. During the deposition, Mr. Goldfarb testified[1] – unequivocally – that his report and Affidavit of Compliance, including his testimony that the facility is now ADA compliant, were true and correct.

16.     Again, these efforts have been met with further litigation efforts by Counsel, including, without limitation, the following:

---

[1] In even more superfluous motions [DE 48 and 49] filed by and through Counsel on April 4, 2014 and April 7, 2014, Plaintiff claimed that the deposition of Mr. Goldfarb had been impeded by instruction from the undersigned. These claims are untrue. In fact, Plaintiff made these spurious claims without having filed a copy of the transcript but stated that the same will be filed upon receipt. Defendant maintains, however, that the transcript of Mr. Goldfarb's deposition will confirm that Counsel did, in fact, make a thorough inquiry of Mr. Goldfarb's inspections of the subject property after his retention on February 10, 2014 and of the statements set forth in his report and Affidavit of Compliance. The transcript will confirm that any and all objections and instructions by the undersigned related to privileged communications and/or protected work product which subjects are not discoverable, as a matter of law. These motions are just further examples of Counsel's vexatious multiplication of these proceedings.

4

    a.    On April 1, 2014, Plaintiff, by and through Counsel, filed Plaintiff's Motion to Compel Answers to Discovery [DE 43];

    b.    On April 4, 2014, Plaintiff, by and through Counsel, filed Plaintiff's Motion to Compel Attendance and Better Answers at Deposition and for Sanctions [DE 48];

    c.    On April 7, 2014, Plaintiff, by and through Counsel, filed Plaintiff's Motion for Extension of Time to Conduct Discovery [DE 49]; and

    d.    On April 7, 2014, Plaintiff, by and through Counsel, filed Plaintiff's Motion in Limine [DE 50].

17. As set forth more fully above, after having been expressly advised as to the mootness of Plaintiff's claims, Counsel has, unreasonably and vexatiously, continued to litigate this action.

18. In fact, Counsel – by and through their most recent filings, have increased their litigation efforts in seeking to exclude Mr. Goldfarb's Affidavit of Compliance from the trial in this action [DE 50] and to re-open discovery [DE 49] in order to continue to multiply these proceedings despite the fact that the Defendant has long-completed the relief sought by and through the Complaint and Expert Report.

19. It is evident from Counsel's unreasonable and vexatious conduct that the goal of this action since January 22, 2014 has been to exponentially increase Plaintiff's attorneys' fees in an effort to extract a settlement from Defendant. Such conduct does not further the stated purpose of the ADA and is otherwise not permitted by law. In fact, such conduct is exactly the sort for which sanctions are appropriate under 28 U.S.C. § 1927 and the Court's inherent powers.

**II.  MEMORANDUM OF LAW**

This Court may award costs, expenses and attorneys' fees against Counsel pursuant to 28 U.S.C. § 1927 which provides:

5

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiples the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

An attorney multiplies the proceedings unreasonably and vexatiously when that attorney brings an action that is frivolous or when the attorney knew or should have known that the action was frivolous and the purpose of 28 U.S.C. § 1927 is to deter such frivolous litigation. *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220 (11th Cir. 2003); *Murray v. Playmaker Servs., LLC*, 548 F. Supp. 2d 1378 (S.D. Fla. 2008); *Torres v. City of Orlando*, 264 F. Supp. 2d 1046 (M.D. Fla. 2003) (assessing fees and finding that there was bad faith by the plaintiff's lawyer when the lawyer filed and prosecuted claims that lacked any plausible legal or factual support).

An attorney should be charged with objectively assessing whether the client has a claim (or defense) and if that claim is frivolous but prosecuted, as in this case, sanctions should lie, because prosecuting a case that is not "worth prosecuting in the first place" is "unreasonable and vexatious to the judicial process and tantamount to bad faith." *Id.* at 1055. Even pursuing a claim "without reasonable inquiry into the underlying facts" can constitute the bad faith necessary to support a fees sanction. *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998) (affirming fees award against plaintiffs' counsel under court's inherent powers for bad faith pursuit of frivolous employment discrimination claim). Similarly, that he continued to litigate the claims even after it became apparent from the discoverable facts that no evidence existed in support thereof warrants sanctions. *Torres v. City of Orlando*, 264 F. Supp. 2d 1046, 1055 (M.D. Fla. 2003) aff'd, 88 F. App'x 391 (11th Cir. 2003). It has been held, albeit not in the context of a Section

1927 motion, that continuing to litigate an action after being "expressly advised" of the remedial action taken which ultimately rendered Plaintiff's claims moot, entitles Defendant to its attorneys' fees and costs. *See, e.g., Kallen v. J.R. Eight, Inc.*, 775 F. Supp. 2d 1374, 1381 (S.D. Fla. 2011).

Further, although this Court has held that Section 1927 can only be used to support an award of sanctions against the attorney individually, under its inherent powers, "this Court may sanction counsel **and counsel's law firm** for bad faith litigation conduct." *Rodriguez v. Marble Care Int'l, Inc.*, 863 F. Supp. 2d 1168, 1179 (S.D. Fla. 2012) (emphasis added); *Spolter v. Suntrust Bank*, 403 Fed.Appx. 387 (11th Cir. 2010) (affirming award of fees against individual lawyer and his law firm pursuant to the court's inherent powers); *In re Mroz*, 65 F.3d 1567, 1576 (11th Cir. 1995) ("there is nothing preventing a federal court from exercising its inherent power to sanction an attorney, a party, or a law firm for their subjective bad faith"). Thus, regardless of whether this Court relies on § 1927 or its own inherent power, a finding of bad faith in the continued pursuit of this action justifies awarding fees against Counsel and the Law Firm.

In the case at hand, this Court should sanction both Counsel and the Law Firm for unreasonable and vexatious continuation of this lawsuit on behalf of the Plaintiff. As set forth more fully above, Counsel multiplied the proceedings unreasonably and vexatiously as they knew or should have known that Plaintiff's claim for injunctive relief under the ADA was moot from the filing of the Goldfarb Affidavit of Compliance, if not sooner. Despite Counsels' knowledge that the claim was moot, Counsel continued to prosecute the action.

### III.     CONCLUSION

For the foregoing reasons, Defendant's Motion for Sanctions Pursuant to 28 U.S.C. 1927 should be granted.

WHEREFORE, Defendant, Gator 13800 NW 7th Ave, LLC, respectfully requests this Court to grant its Motion in its entirety, enter an order for sanctions against Plaintiff, Mike Petinsky, for reasonable costs, expenses and attorneys' fees incurred in defending this litigation including, but not limited to, the preparation and filing of all responses and/or memoranda following Defendant's Cross-Motion for Summary Judgment, attendance at the deposition of David Goldfarb, and filing this motion for sanctions, the amount of which will be determined upon the filing of an affidavit of fees and costs by Defendant's counsel and take such other and further relief as is just and proper.

WE HEREBY CERTIFY that on April 7, 2014, we electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to that a true and correct copy of the foregoing was served on Jeanette E. Albo, Esq., *Of Counsel*, Thomas B. Bacon, P.A., 9444 SW 69th Court, Miami, Florida 33156, jalbo@bellsouth.net, and Thomas B. Bacon, Esq., Thomas B. Bacon, P.A., 4868 S.W. 103rd Avenue, Cooper City, Florida 33328, tbb@thomasbaconlaw.com.

Respectfully submitted,

s/Carrie Stolzer Robinson
Ricardo A. Reyes (FBN 864056)
Carrie Stolzer Robinson (FBN 0354030)
TOBIN & REYES, P.A.
*Attorneys for Defendants*
225 N.E. Mizner Boulevard, Suite 510
Boca Raton, Florida 33432
Phone: (561) 620-0656
Fax:    (561) 620-0657
rar@tobinreyes.com
csrobinson@tobinreyes.com