IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 13-21955-CV-KING

MIKE PETINSKY,

    Plaintiff,

vs.

GATOR 13800 NW 7th AVE. LLC,

    Defendant.

_____/

## ORDER OF DISMISSAL

THIS CAUSE comes before the Court upon the Plaintiff's Motion for Summary Judgment (DE 14) and Defendant's Cross-Motion for Summary Judgment (DE 20), filed December 11, 2013 and January 22, 2014, respectively. This is an action for injunctive relief under the Americans With Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA"). Plaintiff's motion argues that he is entitled to summary judgment because the undisputed facts demonstrate that: he is a disabled person within the meaning of the ADA; Defendant's property is a place of public accommodation within the meaning of the ADA; he visited Defendant's property and encountered barriers to access which discriminated against him on the basis of his disability; and Defendant's violations of the ADA are ongoing. DE 14. Defendant claims that summary judgment is appropriate on its own behalf because Plaintiff's claim was mooted when, after the Complaint was filed and served, Defendant removed all alleged barriers to access at the property that is the subject of this action. DE 20. After careful consideration of the pleadings and

arguments raised by the parties,[1] the Court finds that this action must be dismissed because Plaintiff's claim is moot.

## I. Background

Plaintiff is confined to a wheelchair and is therefore a disabled person within the meaning of the ADA. Defendant is the owner of a shopping plaza (the "property") located at 13800-13816 NW 7th Ave., Miami, FL. Plaintiff alleges he visited the property and encountered the following barriers to access which discriminated against him on the basis of his disability: improperly painted and/or maintained striping, signage, and access aisles on the disabled parking spaces; curb ramps that were too steep and had no edge protection; and accessible routes and access aisles at the property blocked with tenant signage. *See* DE 1. The Complaint contains no indication of when this visit occurred. *Id.*

On September 20, 2013, Plaintiff's ADA compliance expert, Luis Androuin, conducted an inspection of the property for the purpose of surveying the extent of the ADA violations at Defendant's property. Mr. Androuin's expert report confirmed the existence of, *inter alia*, the barriers to access encountered by Plaintiff when he visited the property. Mr. Androuin issued an expert report detailing his findings on October 30, 2013. Mr. Androuin's expert report lists thirty separate ADA violations and recommends steps Defendant should be required to take to remediate those violations.

On January 6, 2014, Defendant hired a contractor to undertake all modifications recommended by Mr. Androuin's expert report. As of January 22, 2014, Defendant had

---

[1] In addition to the parties' respective motions for summary judgment, the Court has also considered: Defendant's Response in Opposition to Plaintiff's Motion for Summary Judgment (DE 20), Plaintiff's Reply in Support of his Motion for Summary Judgment and Response in Opposition to Defendant's Motion for Summary Judgment (DE 24), filed February 10, 2014, and Defendant's Reply in Support of Motion for Summary Judgment (DE 33), filed February 20, 2014.

completed all interior modifications recommended by Mr. Androuin's report and was in the process of completing the exterior modifications recommended by the report. As of February 3, 2014, all items identified in Mr. Androuin's expert report were modified as recommended by the report.

## II. Legal Standard for Summary Judgment

Summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the record as a whole could not lead a rational fact-finder to find for the nonmoving party, there is no genuine issue of fact for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The moving party bears the burden of pointing to the part of the record that shows the absence of a genuine issue of material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see also Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991) (holding that the nonmoving party must "come forward with significant, probative evidence demonstrating the existence of a triable issue of fact.").

On a motion for summary judgment, the court must view the evidence and resolve all inferences in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, a mere scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment. *See id.* at

252. If the evidence offered by the nonmoving party is merely colorable or is not significantly probative, summary judgment is proper. *See id.* at 249–50.

### III. Discussion and Analysis

The facts of this case show: Plaintiff visited Defendant's property and encountered certain barriers to access; Plaintiff filed suit for injunctive relief; Plaintiff's expert visited the property and catalogued thirty separate ADA violations (many of which Plaintiff did not encounter during his visit and/or was not aware of at the time he filed his Complaint); and Defendant subsequently hired a contractor to remedy all the alleged violations listed in Plaintiff's expert report. As of the date of filing of Defendant's Cross-Motion for Summary Judgment the remediation of the property was well underway and Defendant had committed to completing it. Thus, the facts of this case render it plain that the filing of this ADA action was the catalyst for Defendant to bring its property into compliance with the ADA. The issues now remaining before the Court include whether Defendant's actions subsequent to the commencement of this action render Plaintiff's claim moot and whether Plaintiff is a "prevailing party" for the purpose of an award of attorney's fees and costs.

#### A. Standing and Mootness

To establish constitutional standing to bring suit, a plaintiff must demonstrate (1) that he suffered an injury in fact; (2) the injury was causally connected to the defendant's action; and (3) the injury will be redressed by a judgment in the plaintiff's favor. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001) (applying *Lujan* standing test to ADA case). An issue may become moot "when actions subsequent to the commencement of a lawsuit create an environment in which the Court can no longer give meaningful relief." *Access for the Disabled v. Brinker Florida, Inc.*, No. 02-60314-JEM (S.D.

Fla. Jan. 15, 2003) (citing *Jews for Jesus, Inc. v. Hillsborough Cnty. Aviation Auth.*, 162 F.3d 627 (11th Cir. 1998); *Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health and Rehab. Servs.*, 225 F.3d 1208 (11th Cir. 2000)). In cases where defendants voluntarily cease or terminate allegedly discriminatory practices, courts must consider whether there can be a reasonable expectation that the defendant will simply re-establish its discriminatory practices after the conclusion of the action. *See Nat'l Adver. Co. v. City of Fort Lauderale*, 934 F.2d 283 (11th Cir. 1991). If such is the case, the defendant's voluntary cessation is insufficient to moot a plaintiff's claim. *Id.* However, the issue of mootness is jurisdictional and the Court must dismiss any claim for which the relief sought is no longer meaningful. *See N.C. v. Rice*, 404 U.S. 244, 246 (1971); *see also Hall v. Beals*, 396 U.S. 45, 48 (1969).

In this matter, Plaintiff was injured when he was discriminated against on the basis of his disability by the existence of the architectural barriers which he encountered at the subject property. The barriers identified by the Complaint include: improperly painted and/or maintained striping, signage, and access aisles on the disabled parking spaces; curb ramps that are too steep and lack edge protection; and accessible routes and access aisles at the property blocked with tenant signage. *See* DE 1. Defendant, in its motion for summary judgment, asserts that, on January 6, 2014, it hired a contractor to remediate all barriers to access identified by Plaintiff's expert report, and that, as of January 22, 2014, all barriers listed in the report were either remedied or were in the process of being remedied. In support of this contention, Defendant offered the affidavit of David Miller, its property manager, who oversaw the hiring of the contractor and the remediation work. DE 19-2. Mr. Miller's affidavit constitutes significant, probative evidence that the barriers identified by the Complaint were remediated or in the

process of being remediated.[2] *Id.* Plaintiff has failed to come forward with significant, probative evidence which contradicts Mr. Miller's affidavit. Accordingly, the Court finds that Defendant's actions have mooted Plaintiff's claim.

### B. Prevailing Party

As mentioned previously, it is plain that this action was the catalyst for Defendant to bring its property into compliance with the ADA. However, the Supreme Court has directly considered and rejected the notion of a plaintiff being a prevailing party based on the "catalyst theory." *See Buckhannon Bd. and Care Home, Inc. v. West Va. Dep't of Health and Human Res.*, 532 U.S. 598 (2001) (declining to award of attorney's fees where there is no judicially sanctioned change in the legal relationship of the parties). Accordingly, the Court also finds that Plaintiff is not entitled to recover his attorney's fees and costs because Plaintiff is not a prevailing party.

## IV. Conclusion

Defendant's aforementioned remedial actions limit the Court's ability to provide meaningful relief to Plaintiff. Indeed, as of the date of this Order, Defendant has removed all barriers to access identified by Plaintiff's expert.[3] An order of the Court to remedy the situation identified by the Complaint can do nothing further than what Defendant has already done. Additionally, there can be no reasonable expectation that Defendant will re-establish the alleged discriminatory barriers because this is not a simple case of voluntary cessation; Defendant made

---

[2] Moreover, as Plaintiff only had standing to seek relief for ADA violations "that he personally encountered or about which he had actual notice" at the time the Complaint was filed, Defendant's undertaking to remediate all purported ADA violations identified by Plaintiff's expert went above and beyond what was required of it. *See Access Now, Inc. v. S. Fla. Stadium Corp.*, 161 F. Supp. 2d 1357, 1365; *see also* Norkunas v. Seahorse NB, LLC, No. 11-12402, 2011 WL 5041705, at *2 (11th Cir. Oct. 25, 2011) (finding that plaintiff lacked standing to bring claims regarding motel's designated accessible rooms because he failed to request accessible room and thus did not experience discrimination related to the accessible room).

[3] *See* February 18, 2014 Affidavit of ADA Compliance Expert David Goldfarb (DE 31-1).

6

structural modifications to the property to bring it into compliance with the ADA. Thus, any relief granted by the Court would be repetitive and meaningless. It follows, then, that the Court is without jurisdiction to consider Plaintiff's claim and the same must be dismissed.

Accordingly, it is **ORDERED, ADJUDGED,** and **DECREED** that Defendant's Cross-Motion for Summary Judgment **(DE 20)** be, and the same is, hereby **GRANTED**. This case is **DISMISSED without prejudice** - should Defendant revert back to its alleged ways, Plaintiff is free to re-initiate suit. Each party is to bear their own attorney and legal fees. All pending motions are **DENIED as moot**. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers, at Miami, Miami-Dade County, Florida, this 10th day of April, 2014.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

**Cc: All counsel of record**